Filed 6/30/26  In re J.J. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re J.J., a Person Coming Under the Juvenile Court Law. | |
| CONTRA COSTA COUNTY BUREAU OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>T.J. et al.,<br><br>Defendants and Appellants. | A174588<br><br>(Contra Costa County Super. Ct. No. J25-00014) |

**MEMORANDUM OPINION**[1]

T.J. (father) and P.J. (mother) appeal from the juvenile court's jurisdictional and dispositional orders regarding their child J.J. (minor), whom they adopted after earlier dependency proceedings involving minor's biological parents.  Father and mother contend the Contra Costa County Bureau of Children and Family Services (Bureau) and the juvenile court failed to comply

---

[1] We provide a limited factual summary and resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)

1

with the duty of inquiry under the Indian Child Welfare Act (25 U.S.C. §1901 et seq. (ICWA)), and California's implementing statutes. The Bureau concedes the record does not contain documentation of its contacts with minor's adoptive relatives or its efforts to obtain contact information for his known biological relatives. The Bureau does not oppose a remand for it to demonstrate compliance with ICWA's inquiry requirements. We accept the Bureau's concession and will reverse the court's order finding that ICWA does not apply.

Welfare and Institutions Code[2] section 224.2 states that courts and county welfare departments "have an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300, 601, or 602 may be or has been filed, is or may be an Indian child." (§ 224.2, subd. (a).) This duty to inquire begins when a county is first contacted regarding a child and extends to when a child is placed in temporary custody of a county welfare department and the first hearing on a petition in a proceeding that could result in a child being placed with someone other than a parent or Indian custodian. (*Id.*, subds. (b)–(c).) Inquiry includes, but is not limited to, asking a child's extended family members whether the child is or may be an Indian child. (*Id.*, subd. (b)(1)–(2).)

"If there is reason to know" a child involved in a proceeding is an Indian child, "the party seeking foster care placement with someone other than a parent or Indian custodian shall provide

_____

[2] Undesignated statutory citations are to the Welfare and Institutions Code.

2

notice in accordance with [s]ection 224.3." (§ 224.2, subd. (f).) There is reason to know a child is an Indian child if, among other things, a person having an interest in the child informs the court that the child is an Indian child. (*Id.*, subd. (d)(1).)

When a court or social worker has "reason to believe" a child is an Indian child but cannot determine there is reason to know the child is an Indian child, the court or social worker must make "further inquiry." (§ 224.2, subd. (e).) A court or social worker has reason to believe a child is an Indian child when information suggests the child or his or her parent is a member or citizen or may be eligible for membership or citizenship in an Indian tribe. (*Id.*, subd. (e)(1).) "Further inquiry" includes, but is not limited to, interviewing extended family members, contacting the Bureau of Indian Affairs (BIA) and the State Department of Social Services for assistance in identifying the names and contact information of relevant tribes, and contacting tribes "that may reasonably be expected to have information regarding the child's membership, citizenship status, or eligibility." (*Id.*, subd. (e)(2)(A)–(C).)

If there is reason to know a child is an Indian child but the evidence is not sufficient to determine conclusively whether the child is or is not an Indian child, the court must document that due diligence was used to identify and work with the relevant tribes to verify the child's status or eligibility. (§ 224.2, subd. (g).) "If the court makes a finding that proper and adequate further inquiry and due diligence as required in this section have been conducted and there is no reason to know whether the child is an

Indian child, the court may make a finding that" ICWA does not apply. (*Id.*, subd. (i)(2).)

"The juvenile court's factual finding that ICWA does not apply is 'subject to reversal based on sufficiency of the evidence.' " (*In re Dezi C.* (2004) 16 Cal.5th 1112, 1134.) An inadequate ICWA inquiry "requires conditional reversal of the juvenile court's order terminating parental rights with directions to the agency to conduct an adequate inquiry, supported by record documentation." (*Id.* at p. 1125.) However, "ICWA inquiry and notice errors do not warrant reversal of the juvenile court's jurisdictional or dispositional findings and orders other than the ICWA finding itself." (*In re Dominick D.* (2022) 82 Cal.App.5th 560, 568.)

In this case, minor was adopted by mother and father in 2013 after dependency proceedings involving minor's birth parents in Solano County. At the detention hearing on January 8, 2025, the juvenile court asked father and mother about possible Indian ancestry, and ordered both parents to inform the juvenile court if they received any information indicating J.J. was a member of or eligible for membership with a tribe. The court found there was no reason to be believe J.J. was an Indian child and that ICWA did not apply.

At the combined jurisdictional and dispositional hearing set for July 24, 2025, the court found that exceptional circumstances justified continuing the matter to August 14, 2025, as minor had had a "confrontation" with the social worker charged with preparing the pre-hearing report that "resulted in [the social

4

worker] being out of work for some time." During the July 24 hearing, the court made no mention of ICWA.

In its order after the combined hearing held on August 14, 2025, the juvenile court found there was no reason to believe that ICWA applied and found that ICWA did not apply. The court ordered reunification services for both parents.

Father argues that the Bureau made no effort to inquire of minor's biological parents despite the dependency case with the biological parents in 2011 and 2012. He further argues that the Bureau failed to conduct ICWA inquiries with minor's available extended family members, and that the juvenile court failed to ensure that the Bureau conducted an adequate inquiry. Mother argues the same.

The Bureau concedes the record does not show that it discharged its ICWA duty of inquiry, and there is no indication the Bureau contacted anyone other than mother and father to ask about possible Indian ancestry. Upon our review of the record, we agree that the ICWA inquiry was inadequate.

Accordingly, we vacate the order finding that ICWA does not apply, but we otherwise affirm the juvenile court's orders, and direct the court on remand to order the Bureau to comply with its inquiry and (if applicable) notice obligations under ICWA and related California law. (*In re Dominick D.*, *supra,* 82 Cal.App.5th at pp. 567–568 [remanding for additional ICWA proceedings but otherwise affirming the court's dispositional order].)

5

## DISPOSITION

The finding that ICWA does not apply is vacated.  The juvenile court is directed to order the Bureau to comply with its inquiry and, if applicable, notice obligations under ICWA and related California law.  In all other respects, the juvenile court's findings and orders are affirmed.

BROWN, P. J.


WE CONCUR:

STREETER, J.
GOLDMAN, J.


*In re J.J.*  (A174588)

6